**MADDISON v. WHITE, Collector of Internal Revenue.**

**No. 3036.**

District Court, D. Massachusetts.

Nov. 14, 1929.

Tyler, Eames, Wright & Hooper, and Burton E. Eames, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

LOWELL, District Judge.

In the present case the taxpayer made his return for the calendar year 1924, but in it he included the return from a partnership, of which he was a member, for the partnership year beginning October 1, 1923, and ending September 30, 1924. The only question is whether he is entitled to the reduction in rates for the year 1923 on the proportionate part of the partnership profits during the months of October, November, and December, 1923.

The Board of Tax Appeals decided a case exactly similar to this adversely to the petitioner, Appeal of Charles Colip, 5 B. T. A. 123, and has since followed it in many cases. The decision was to the effect, though not so stated, that although Congress intended to give a refund of 25 per cent. of the taxes for the year 1923, the manner in which they provided for this would not allow a person, situated like the petitioner, to take advantage of it.

The question depends upon the meaning of section 1200(a) of title 12, of the Revenue Act of 1924 (43 Stat. 353), which reads as follows: "Any taxpayer making return, for the calendar year 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return."

The Board of Tax Appeals ruled that only a taxpayer who had made return for the calendar year 1923 could take advantage of the credit or refund, and that as in the case before them the return was for another year, no advantage of the credit or refund could be taken.

It was the evident intention of Congress that any one who had paid taxes for the year 1923 should be entitled to a refund of 25 per cent. This being the evident intent of Congress, it is not an inadmissible construction of section 1200(a), above cited, to hold that the inclusion in the tax return for 1924 of

part of the partnership profits for 1923 was a "return for the calendar year 1923."

This may seem an unduly liberal construction of section 1200(a), but as it carries out the evident intention of Congress, I rule that the petitioner in the present case is entitled to recover.